IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02414-LTB-BNB

ORLANDO CORTEZ CLARK,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, et al.,
DR. NWEKE, C.C.C.F. Medical,
DR. FALLHOUSE, C.C.C.F. Medical,
DR. JOSEPH WERMER, A.V.C.F. Medical,
CINDRA MARTINEZ, MRT II,
DR. RAYMOND L. LILLY,
DR. KENNETH D. DANYLCHUCK, and
ANTHONY DECESARO,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Consolidated Motion to Include . . . .** [Doc. #54, filed 8/2/07] (the "Motion"). The plaintiff seeks to supplement his Complaint to add copies of grievance forms, arguments, and claims. He also seeks appointment of counsel to represent him in this matter.

It is not necessary at this time for the plaintiff to file grievance forms. The Amended Complaint states that the plaintiff has exhausted his administrative remedies. That statement is sufficient to show exhaustion at this point in the litigation. Jones v. Bock, 127 S.Ct. 910 (2007). Should the plaintiff require further proof of exhaustion in response to a motion for summary judgment, or for any other purpose, he must submit any necessary evidence at that time.

The plaintiff's request to supplement the Amended Complaint with additional argument and claims is denied without prejudice for the reasons stated in my Order dated August 27, 2007 [Doc. #61].

The plaintiff seeks appointment of counsel to represent him in this matter.  The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case.  I do, however, have broad discretion to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case.  See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims.  See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiff's Amended Complaint adequately presents his claims.  The factual and legal issues raised by the plaintiff's claims are not complex.  In addition, the allegations of the Amended Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong.  Accordingly, the plaintiff's request for appointment of counsel is denied.

IT IS ORDERED that the Motion is DENIED insofar as the plaintiff seeks appointment of counsel and DENIED WITHOUT PREJUDICE insofar as the plaintiff seeks to supplement his Amended Complaint.

IT IS FURTHER ORDERED that, in the future, titles to all motions and other papers shall not exceed ten words.

Dated September 20, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge