IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02414-LTB-KMT


ORLANDO CORTEZ CLARK,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DR. NWEKE, C.C.C.F., Medical,
DR. FALLHOUSE, C.C.C.F., Medical,
DR. JOSEPH WERMER, A.V.C.F., Medical,
DR. RAYMOND L. LILLY,
DR. KENNETH DANYLCHUCK,
DR. PAULA J. FRANTZ, CDOC Chief Medical Officer,
JOANN STOCK, PA, S.C.F. Medical,
PHYSICIAN HEALTH PARTNERS (PHP), CDOC Medical Care Providers,
KEVIN MILYARD, S.C.F. Warden, and
ANTHONY DECESARO, CDOC Grievance Officer,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This case involves claims that Defendants violated Plaintiff's Eighth Amendment rights.

This matter is before the court on Defendants Colorado Department of Corrections, Wermers,

Lilly, Frantz, Stock, Milyard, and DeCesaro's "Motion to Dismiss" (Doc. No. 80) filed January

9, 2008; Plaintiff's "Request for Summary Judgment" (Doc. No. 84) filed January 15, 2008; and

the "Motion for Summary Judgment from Defendant Physician Health Partners" (Doc. No. 101)

filed April 25, 2008.  Jurisdiction is asserted under 43 U.S.C. § 1983 (2007).

**STATEMENT OF THE CASE**

The following facts are taken from Plaintiff's Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated in the Sterling Correctional Facility ("SCF"). (Am. Prisoner Compl. [hereinafter "Compl."] [filed October 1, 2007].) Plaintiff has named as defendants the Colorado Department of Corrections; Dr. Nweke of Crowley County Correctional Facility ("CCCF"); Dr. Fallhouse of CCCF; Dr. Joseph Wermer of Arkansas Valley Correctional Facility ("AVCF"); Dr. Raymond Lilly of Parkview Medical Center ("PMC"); Dr. Kenneth Danylchuck of PMC; Dr. Paula Frantz of the Colorado Department of Corrections ("CDOC"); JoAnn Stock, P.A., of SCF; Physician Health Partners ("PHP"); Kevin Milyard, the warden of SCF; and Anthony DeCesaro, a CDOC grievance officer. (Compl. at 1–5.) Plaintiff asserts that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs. (*Id.* at 6.) Plaintiff asserts three claims for relief. In Claim One, Plaintiff alleges beginning in April 2001, he advised the CCCF medical staff of lower back pain and cramping sensation in his legs. (*Id.* at 8.) Plaintiff states in November 2001 the CCCF medical staff advised him that he had a pinched nerve in his lower back and that surgery would be necessary to alleviate the pain. (*Id.*) Plaintiff asserts in April 2002 he was transferred to AVCF where his "suffering continued and his symptoms progressively worsened." (*Id.*) Plaintiff states he had "an objectively serious medical need in the form of adequate pain medication" to treat his back pain and to receive corrective surgery in a timely manner. (*Id.* at 9.) Plaintiff alleges Defendant Wermer failed to provide adequate and reasonable medical care in

treating his pain and suffering.  (*Id.* at 12.)  Plaintiff states Defendant Wermer denied his repeated pleas to be treated and for relief to ease his pain or treat his symptoms.  (*Id.*)  Plaintiff asserts he did not receive effective pain medication until July 22, 2002.  (*Id.*)  Plaintiff alleges Defendant Wermer was indifferent to his need to be given effective medication from April 2002 through July 2002.  (*Id.* at 13.)  In addition, Plaintiff contends Defendant Wermer had an "objectively serious medical need to have surgery performed," and that Defendant Wermer was indifferent to that need by failing to have surgery performed.  (*Id.*)  Plaintiff asserts that Defendant Lilly was deliberately indifferent to his serious medical needs by failing to provide surgery in a timely manner.  (*Id.* at 13–14.)  He states he was seen by Defendant Lilly for a neurosurgical evaluation on August 13, 2002, that Defendant Lilly was well aware of his poor condition, and that Defendant Lilly failed to insist on immediate surgery.  (*Id.* at 14.)

In Claim Two, Plaintiff asserts allegations against the "CDOC and its medical care providers" only.  (*Id.* at 17–20.)  Plaintiff alleges the CDOC failed to provide post-operative care, effective pain medication, orthopedic shoes, ted hose, an ankle foot brace, and medical pillows.  (*Id.* at 17.)  In addition, Plaintiff asserts the CDOC failed to address and treat his paresthesia, "foot drop," or chronic pain.  (*Id.* at 19–20.)

In Claim Three, Plaintiff alleges Defendants are "deliberately indifferent to Plaintiff's medical needs and in a retalitory [sic] manner."  (*Id.* at 21.)  Plaintiff states upon his transfer to SCF, he began to receive "what he perceived to be 'retaliation' and deliberate indifference to his serious medical needs."  (*Id.*)  Plaintiff asserts when he tried to grieve these practices, the grievances were claimed not to been received.  (*Id.*)  Plaintiff contends Defendant Milyard

"maintains a grievance and medical kite process that denies . . . Plaintiff any proof of filing."

(*Id.*) Plaintiff alleges he has had to endure "implied threats and retaliation regarding the filing of this civil action." (*Id.*) Plaintiff asserts that he was seen by Defendant Frantz, who failed to address the issue of appropriate shoes; permit ice and heat packs; reinstate standing, sitting, and lifting restrictions; and address the issue of a new mattress. (*Id.* at 22–23.) Plaintiff contends "these actions/inactions by Dr. Frantz clearly demonstrate deliberate indifference and or retaliation for filing grievances and civil actions. . . ." (*Id.* at 23.) Plaintiff states he was seen by Defendant Stock on July 18, 2007, regarding authorization for an adequate mattress. (*Id.*) Plaintiff states he advised Defendant Stock that he was authorized to have a second mattress for an unlimited amount of time, "said position stated via affidavit by CDOC Dr. Orville Neufeld presented at Plaintiff's 'Montez' hearing. . . ." (*Id.* at 24.) Plaintiff alleges Defendant Stock "became upset and irate, throwing Plaintiff out of her office, followed with comments that she was going to write Plaintiff up for threatening her." (*Id.*) Plaintiff states he saw Defendant Stock again on September 11, 2007, regarding a "dissability [sic] screening." (*Id.*) Plaintiff alleges Defendant Stock "expressed her opinions regarding [his] filing of grievances and civil actions" and stated that Plaintiff "should not expect to receive the same type or level of treatment as someone who is in the free world." (*Id.*) Plaintiff alleges that he has tried to contact Defendant Milyard regarding the ineffectiveness of the sick call and grievance forms. (*Id.* at 25.) Plaintiff further alleges that Defendant DeCesaro has failed to answer grievances within the time limits set forth in the Administrative Regulations, and that Defendant DeCesaro has "greatly abused his authority." (*Id.*)

Plaintiff seeks compensatory and punitive damages and release from incarceration. (*Id.* at 28.)

Defendants Colorado Department of Corrections, Wermers, Lilly, Frantz, Stock, Milyard, and DeCesaro move for dismissal on the bases that (1) the Eleventh Amendment bars suit against the CDOC and the CDOC defendants in their official capacities; (2) Plaintiff's claims in Claim One regarding delay of pain medication are barred by the statute of limitations; (3) Plaintiff's allegations fail to state a deliberate indifference claim against Defendants Wermers, Lilly, Frantz, or Stock; (4) Plaintiff has failed to allege personal participation by any of the named defendants in Claim Two; (5) Plaintiff's allegations regarding the grievance and kite system fails to state a cognizable claim; (6) Plaintiff's allegations fail to state a cognizable retaliation claim; and (7) the CDOC defendants are entitled to qualified immunity. (Br. in Supp. of Mot. to Dismiss [hereinafter "Mot. to Dismiss"] [filed January 9, 2008].)

Defendant PHP moves for summary judgment on the bases that (1) PHP had no responsibility for any medical care provided to any inmate incarcerated by the CDOC prior to September 1, 2005; (2) none of Plaintiff's allegations after September 1, 2005, allege any participation, knowledge or wrongful conduct by PHP. (Mot. Summ. J. [filed April 25, 2008].)

**PROCEDURAL HISTORY**

Plaintiff's Amended Prisoner Complaint was filed on October 1, 2007. (Compl.) Defendants Colorado Department of Corrections, Wermers, Lilly, Frantz, Stock, Milyard, and DeCesaro filed their motion to dismiss on January 9, 2008. (Mot. to Dismiss.) Plaintiff filed his response on January 25, 2008. (Reply to Defs.' Br. in Supp. of Mot. to Dismiss [hereinafter

"Resp. to CDOC Mot."].) Defendants filed their reply on February 5, 2008. (Reply in Supp. of Mot. to Dismiss [hereinafter "CDOC's Reply"].)

Plaintiff filed his "request" for summary judgment on January 15, 2008. (Req. for Summ. J. [hereinafter "Pl.'s Mot. Summ. J.].) Defendants filed their response on January 24, 2008. (CDOC Defs.' Resp. to Pl.'s "Req. for Summ. J." [hereinafter "Resp. to Pl.'s Mot. Summ. J.].) Plaintiff did not file a reply.

Defendant PHP filed its motion for summary judgment on April 25, 2008. (Mot. Summ. J. from PHP [hereinafter "Mot. Summ. J."].) Plaintiff filed his response on May 15, 2008. (Reply to Mot. Summ. J. of PHP [hereinafter "Resp. to PHP Mot."].) Defendant filed its reply on May 28, 2008. (Reply Br. in Supp. of Mot. Summ. J. from PHP [hereinafter "PHP's Reply"].) These motions are ripe for review and recommendation.

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

## 2.      *Fed. R. Civ. P. 12(b)(1)*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2007). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the

court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### 3. *Fed. R. Civ. P. 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include

"enough facts to state a claim to relief that is plausible on its face."  127 S. Ct. at 1974.  The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).  In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief can be granted.  *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc*., 130 F.3d 893, 902-903 (10th Cir. 1997).  Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved.  *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## 4.      *Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325).  The nonmoving

party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## ANALYSIS

### 1.     *Eleventh Amendment Immunity*

To the extent Plaintiff is suing Defendants in their official capacities, Defendants claim they are immune. (Mot. to Dismiss at 5.) "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). The CDOC is considered an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5 (2007). States and state officials sued in their official capacities are not "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Absent a waiver, the Eleventh Amendment forbids a suit for damages against a state in federal court. *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993) (citing *Edelman v. Jordan*,

415 U.S. 651, 663 (1974)). Such entities cannot be sued for monetary damages arising from alleged conduct which deprives a plaintiff of his or her civil liberties. The Eleventh Amendment confers total immunity from suit, not merely a defense to liability. *Ambus*, 995 F.2d at 994 (citation omitted).

It cannot be disputed that Defendants are state officials. Accordingly, to the extent that Plaintiff seeks damages, his claims against Defendants in their official capacities are properly dismissed with prejudice. Further, as to Claim Two, Plaintiff has made allegations only against the CDOC. Therefore, as the CDOC is an agency of the State of Colorado, and the Eleventh Amendment forbids a suit for damages against a state in federal court, Plaintiff's Claim Two should be dismissed with prejudice.

**2.      *Statute of Limitations***

Defendants assert Plaintiff's allegations in Claim One regarding delay of pain medication are barred by the statute of limitations. (Mot. to Dismiss at 6–7.) Title 42 U.S.C. § 1983 contains no statute of limitations. Although state law governs the length of the statute of limitations, the characterization of the claim for the purpose of determining the applicable statute of limitations is a federal question. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). "[A] simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose" and these claims are best characterized as personal injury actions. *Id.* at 272, 280. Where a state has multiple statutes of limitations for personal injury actions, the residual or general personal injury statute of limitations applies. *Owens v. Okure*, 488 U.S. 235, 236 (1989). The relevant statute of limitations in Colorado is provided in Colo. Rev. Stat. § 13–80–102. "All actions upon liability

created by a federal statute where no period of limitation is provided in said federal statute" as well as "[a]ll other actions of every kind for which no other period of limitation is provided" must be commenced within two years after the cause of action accrues, if at all. Colo. Rev. Stat. § 13-80-102(1)(g),(I). The determination of when a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 127 S. Ct. 1091, 1095, *rehearing denied*, 127 S. Ct. 2090 (2007). For the purpose of the statute of limitations, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

In Claim One, Plaintiff alleges Defendant Wermer was indifferent to his need to be given effective medication from April 2002 through July 2002. (Compl. at 12–13.) Defendants argue that Plaintiff learned of his alleged injury, the denial of pain medication, in April 2002 or, at the very latest, in July 2002, the date Plaintiff claims he finally received effective pain medication. (Mot. to Dismiss at 6–7.) Therefore, Defendants argue, Plaintiff's statute of limitations expired, at the very latest, in July 2004. (*Id.* at 7.) The Plaintiff did not file his original complaint in this case until November 22, 2004. (*See* Doc. No. 3.)

Plaintiff, in his response, does not dispute that his claim regarding Defendant Wermer's failure to provide effective pain medication accrued at the latest on July 22, 2004. (Resp. to CDOC Mot. at 4.) Rather, Plaintiff argues that the statute of limitations was tolled because on January 22, 2004, he filed a case in El Paso County District Court claiming denial of effective pain medication "between April, 2002, or at the very latest — July 22, 2002." (*Id.*) Plaintiff states his El Paso County District Court case was dismissed without prejudice on or about

12

November 2, 2004, for failure to satisfy the requirements of C.R.S. § 13-20-602 (requirement for filing a certificate of review in action for alleged professional negligence), thereby "appearing to toll the time in this § 1983 action." (*Id.*)

To the extent Plaintiff is asserting that his claims are not barred by the statute of limitations due to equitable tolling, this court disagrees. In another case in the United States District Court for the District of Colorado, then-Chief Judge Babcock found that equitable tolling did not apply where a defendant had filed a previous lawsuit in the same district which had been dismissed as legally frivolous. *Shupper v. Edie*, Civil Case No. 06–cv–01524–LTB–MJW, 2007 WL 867993, at *1, 5–6 (D. Colo. Mar. 20, 2007). Judge Babcock found that Colorado's tolling provisions did not apply where Plaintiff was not "a minor under eighteen years of age, a mental incompetent, or a person under other legal disability." *Id.* (citing 435 F.3d at 1258.) In this case, Plaintiff has not asserted that he is mentally incompetent or that he has any other legal disability. In addition, "[n]o Colorado court has held that an imprisoned person fell into the 'other legal disability' category." 435 F.3d at 1258 n.2.

Furthermore, in Colorado, "[g]enerally when a statute does not specifically allow for the tolling of a statute of limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him." *King v. W.R. Hall Transp. & Storage Co.*, 641 P.2d 916, 920 (Colo. 1982). *See SMLL, L.L.C. v. Peak Nat. Bank*, 111 P.3d 563, 565 (Colo. App. 2005). ("Absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of

limitations during the pendency of a prior action."); *Chilcott Entertainment L.L.C. v. John G. Kinnard Co.*, 10 P.3d 723, 726 (Colo. App. 2000) ("[T]he Colorado Supreme Court has stated that, absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action.") (citing *King*, 641 P.2d 916; *Cook v. G.D. Searle & Co.*, 759 F.2d 800 (10th Cir. 1985) (recognizing that Colorado law indicates a policy disfavoring tolling by mere pendency of prior action)). "The closest statute on this issue is Colo. Rev. Stat. § 13-80-111, which permits a plaintiff to refile an action within ninety days of the termination of an original action for lack of jurisdiction or improper venue." *Phillips v. Harrison*, 2005 WL 1773952, *2 n.4 (D. Colo. July 26, 2005). Plaintiff's El Paso County District Court case was not dismissed based upon lack of jurisdiction or improper venue, but for a procedural defect. Therefore, the limitations period was not tolled during the pendency of that action. *See Nguyen v. Swedish Med. Ctr.*, 890 P.2d 255, 256 (Colo. App. 1995) ("[I]nasmuch as plaintiff's first action was dismissed for a procedural defect, not for lack of jurisdiction, the remedial revival statute was inapplicable to plaintiff's second complaint.").

Finally, a statute of limitations may be suspended under the doctrine of equitable tolling when there are extraordinary circumstances which made it impossible for the plaintiff to timely assert the claim, or if a defendant's wrongful conduct prevented the plaintiff from timely asserting the claim. *Id.* Here, Plaintiff has made no argument that extraordinary circumstances existed or that any conduct by Defendants prevented Plaintiff from asserting his claims in this case. Therefore, Plaintiff's allegations in Claim One regarding delay of pain medication are barred by the statute of limitations and are properly dismissed with prejudice.

### 3. *Eighth Amendment Deliberate Indifference Claim*

Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton inflction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). A claim based on "an inadvertent failure to provide adequate medical care" or alleging "that a physician has been negligent in diagnosing or treating a medical condition" does not state a valid claim of medical mistreatment under the Eighth Amendment. *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (overruled on other grounds) (citations omitted). "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106).

To demonstrate an Eighth Amendment violation, an inmate must satisfy both objective and subjective elements. The objective component is met if the deprivation is "sufficiently serious" — one that "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). A prison medical professional who "knows that his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition" may be held liable under the deliberate indifference standard if that person delays or refuses to fulfill that gatekeeper role. *Id.* at 1211.

"Deliberate indifference" does not require a showing of express intent to harm.  *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005).  Rather, it is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm.  *Id.*  To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 833 (1970).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.

A.      ***Claims Against Defendants Wermers and Lilly***

Plaintiff claims Defendants Wermers and Lilly violated the Eighth Amendment by failing to order "immediate surgery" prior to May, 2003.  (Compl. at 13–14.)  Plaintiff asserts he was examined by Defendants Nweke, Fallhouse, Wermers, Lilly, and Danylchuck, but none of the five recommended "immediate surgery."  (*See* Comp. at 10–15.)  Plaintiff has failed to allege any facts showing that he had a need for "immediate surgery" that was "so obvious that even a lay person would easily recognize" it.  *Sealock*, 218 F.3d at 1209.  Therefore, Plaintiff has failed to sufficiently allege that he had an objectively serious medical need for "immediate surgery" prior to May 2003.  In addition, Plaintiff has failed to make a sufficient subjective showing that Defendants had a "sufficiently culpable state of mind."  *Farmer*, 511 U.S. at 834.

Furthermore, an inmate is only entitled to receive a medical examination; he is not entitled to a diagnosis he likes.  *Estelle*, 429 U.S. at 104–06.  Plaintiff asserts he was examined several times by various CDOC doctors and outside specialists, but, at most, he has alleged a disagreement with their diagnoses and treatment plans.  "[A] prisoner who merely disagrees with

16

a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999). "The prisoner's right is to medical care – not to the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983." *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968). Therefore, Clark's Eighth Amendment claim against Defendants Wermers and Lilly regarding allegedly delayed surgery is properly dismissed with prejudice for failure to state a cognizable claim.

Moreover, to the extent Plaintiff alleges Defendant Lilly was negligent in performing his back surgery, his allegation fails to state an Eighth Amendment claim. "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins*, 165 F.3d at 811. Allegations of negligence are not cognizable in a § 1983 claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Deliberate indifference requires a higher degree of fault than negligence or even gross negligence. *Berry v. City of Muskogee*, 900 F.2d 1489, 1495–96 (10th Cir. 1990).

### B.    *Claims Against Defendant Frantz*

In Claim Three, Plaintiff alleges Defendant Frantz violated the Eighth Amendment by failing to address the issue of appropriate shoes; to permit ice and heat packs; to reinstate standing, sitting, and lifting restrictions; and to address the issue of a new mattress. (Compl. at 22–23.) As stated above, an inmate is only entitled to receive a medical examination; he is not entitled to a diagnosis he likes. *Estelle*, 429 U.S. at 104-06. A disagreement between an inmate and his physician regarding the need for specific medications, treatments, or restrictions fails to

state an Eighth Amendment claim.  *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

Furthermore, "[a] prison doctor remains free to exercise his or her independent professional

judgment and an inmate is not entitled to any particular course of treatment."  *Callahan v.*

*Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (quoting *Dulany v. Carnahan*, 132 F.3d 1234,

1240 (8th Cir. 1997)).  "Medical decisions that may be characterized as 'classic examples of

matters for medical judgment,' such as whether one course of treatment is preferable to another,

are beyond the [Eighth] Amendment's purview."  *Id.* (quoting *Snipes v. DeTella*, 95 F.3d 586,

591 (7th Cir. 1996)).  Plaintiff's disagreement with Defendant Frantz regarding his treatment

fails to state a deliberate indifference claim, and his Eighth Amendment claims against

Defendant Frantz are properly dismissed with prejudice.

### C. Claims Against Defendant Stock

Plaintiff also asserts a deliberate indifference claim against Defendant Stock.  (Compl. at

26.)  However, Plaintiff has failed to allege any denial of medical care by Defendant Stock.

Therefore, Plaintiff's Eighth Amendment claims against Defendant Stock are properly dismissed

with prejudice for failure to state a claim.

### 4. Failure to State First Amendment Claim for Retaliation

Plaintiff generally has alleged that Defendants have retaliated against him by denying

him proof of grievances he has filed.  (Compl. at 21.)  Plaintiff states this retaliation is due to the

filing of grievances and this civil action.  (*Id.* at 21, 23.)  Plaintiff further alleges that grievances

have not been answered or claimed to have not been received.  (*Id.* at 24.)  Plaintiff states the

grievance forms and procedures are inadequate because an inmate is not able to keep a copy of

filed grievances.  (*Id.* at 25.)  Plaintiff asserts this practice of denying him with any type of verification of filing his grievances "is nothing more than a calculated scheme in which to deny [him] access to the Courts' [sic] by way of simply purging any grievances filed, then laying claim that [he] never filed said grievance."  (*Id.*)

Access to courts is a fundamental right protected by the Constitution, including the First Amendment right to petition the government for redress of grievances.  *Nordgren v. Milliken*, 762 F.2d 851, 853 (10th Cir. 1985).  "[I]n order to establish a First Amendment retaliation claim, a prisoner must demonstrate that he was (1) engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct and the adverse action."  *Baldauf v. Hyatt*, 2008 WL 280839 at *7 (D. Colo. 2008) (unpublished decision) (citing *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004)).  "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts."  *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990).  "This principle applies even where the action taken in retaliation would be otherwise permissible."  *Id.* at 948.  However, a prisoner is "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prisons merely because he has engaged in protected activity."  *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).  A plaintiff must allege "specific facts showing retaliation because of the exercise of the prisoner's constitutional rights"—i.e., the plaintiff must prove that "but for" the retaliatory motive, the adverse response would not have taken place.  *Id.* (citations omitted).

The first element of Plaintiff's claim requires that he show he was engaged in protected conduct. *Baldauf*, 2008 WL 280839, at *7. The filing of formal prisoner grievances falls under the conduct protected by the First Amendment and thus is actionable under § 1983. *See, e.g., Colon v. Coughlin*, 58 F.3d 865, 872 (2nd Cir. 1995) (holding that prison officials may not retaliate against prisoners for petitioning for redress of grievances). Accordingly, Plaintiff's allegations that he was subjected to retaliatory conduct for filing staff misconduct grievances satisfies the first element of his retaliation claim.

The second element of Plaintiff's claim requires that he show he was subject to an adverse action. *Baldauf*, 2008 WL 280839, at *7. Plaintiff's claim fails in this regard. Although Plaintiff captions Claim Three as a claim for deliberate indifference to his medical needs in a retaliatory manner, Plaintiff's paramount allegations in this claim are that he has been denied access to the courts by the inadequate grievance procedures and the conduct of the defendants in failing to deal with his grievances. (Compl. at 21–26.) However, Plaintiff has failed to show that this allegedly inadequate procedure or the alleged conduct by Defendants has prevented him from accessing the courts. In fact, Plaintiff was able to file this civil action. Plaintiff has failed to show he was subject to <u>any</u> adverse action as a result of the allegations.

The third element of Plaintiff's claim requires that he show that "a causal connection" exists between his conduct and the adverse action. *Baldauf*, 2008 WL 280839, at *7. To prevail on the causation element of a claim for retaliation, a plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Peterson*, 149 F.3d at 1144 (citing Smith, 899 F.2d at 949–50). "An inmate claiming retaliation must

allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson*, 149 F.3d at 1144 (quotations and citation omitted). That is, "it is imperative that [a] plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

Plaintiff also fails to satisfy the third element requiring the showing of "a causal connection" existing between his conduct and the adverse action under *Baldauf.* 2008 WL 280839, at *7. First, he has failed to show an "incident"; second, he has failed to prove that "but for" a retaliatory motive, the incidents to which he refers . . . would not have taken place. *Id.* Plaintiff's allegations related to his retaliation claim are merely conclusory and do not suffice. *Frazier*, 922 F.2d at 562 n.1. Plaintiff has failed to allege anything more than his personal belief that he is the victim of retaliation.

To the extent Defendants argue Plaintiff has not stated a cognizable claim regarding the grievance and kite systems, the court does not interpret Plaintiff's allegations as making a claim related to the filing of kites and grievances at all. The court declines to address the arguments made by Defendants in this regard, as it construes Plaintiff's allegations regarding the kite and grievance systems as the <u>means</u>, or the <u>acts</u>, by which Defendants are retaliating against him, *i.e.*, acts that go to the merits of his retaliation claim.

For the foregoing reasons, this court finds Plaintiff has failed to state a retaliation claim upon which relief can be granted, and the claim is properly dismissed with prejudice.

**5.      PHP's Motion for Summary Judgment**

Plaintiff's only allegation against PHP is contained in his description of the defendant as a party to this case, in which Plaintiff states, "[PHP] was, and currently is believed to be responsible for the administering and approval for Plaintiff's treatment, care and services related to medical issues. . . ." (Compl. at 5.)  Defendant PHP has moved for summary judgment on all claims asserted by Plaintiff.

Traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations.  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003).  An entity may be held liable for the constitutional violation of its employees only when employee conduct, which occurred pursuant to official policy, custom or practice, caused a constitutional violation.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978).  That is, "[t]o establish municipal liability, a plaintiff must show (1) the existence of a corporate custom or policy and (2) a direct and causal link between the custom or policy and the violation alleged."  *Anaya v. Crossroads Managed Care Sys., Inc.*, 195 F.3d 584, 592 (10th Cir. 1999) (quoting *Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir.1997)).  An entity cannot be held liable absent unconstitutional conduct by its representatives.  *Graves v. Thomas*, 450 F.3d 1215, 1225 (10th Cir. 2006); *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

In this case, Plaintiff fails to specify any policy, custom or practice on the part of PHP that might have caused a violation of his constitutional rights.  Nevertheless, PHP cannot be held

liable absent constitutional misconduct by its employees. *See Graves*, 450 F.3d at 1225.

Plaintiff has failed to name any PHP employee, or anyone associated with PHP, in this action. In

addition, prior to September 1, 2005, PHP had no role in any healthcare provided to inmates

incarcerated by the CDOC. (Mot. Summ. J., Ex. A-1, Decl. Of Jay Want, M.D. at 1 [hereinafter

"Want Decl."].) Therefore, PHP cannot be held liable, and summary judgment is properly

granted in favor of Defendant Physician Health Partners.

**6.      *Plaintiff's Request for Summary Judgment***

Plaintiff requests summary judgment against Defendants CDOC, Wermer, Lilly, Frantz,

Stock, Milyard, and DeCesaro for their failure to comply with this court's order dated December

5, 2007. (Pl.'s Mot. Summ. J. at 1.) On December 3, 2007, the CDOC Defendants filed a

"Motion for Extension of Time," (Doc. No. 74) requesting up to and including January 9, 2008,

to file their answer or other responsive pleading. The motion was granted by Magistrate Judge

Boland on December 5, 2007. (Doc. No. 76.) The CDOC Defendants filed their Motion to

Dismiss on January 9, 2008. (Doc. No. 80.) Therefore, the CDOC Defendants did timely file

their Motion to Dismiss, and Plaintiff's request for summary judgment is without merit and must

be denied.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that:

1.      Defendants Colorado Department of Corrections, Wermers, Lilly, Frantz, Stock,

Milyard, and DeCesaro's "Motion to Dismiss" (Doc. No. 80) be GRANTED as follows:

a. Plaintiff's allegations in Claim One regarding delay of pain medication are barred by the statute of limitations and are properly dismissed with prejudice;

b. Plaintiff's Eighth Amendment claims against Defendants Wermers, Lilly, and Stock are properly dismissed with prejudice for failure to state a claim upon which relief can be granted; and

c. Plaintiff's retaliation claim is properly dismissed with prejudice for failure to state a claim upon which relief can be granted;

2. The "Motion for Summary Judgment from Defendant Physician Health Partners" (Doc. No. 101) be GRANTED; and

3. Plaintiff's "Request for Summary Judgment" (Doc. No. 84) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 3rd day of September, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge