IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 04-cv-02414-LTB-KMT

ORLANDO CORTEZ CLARK,

    Plaintiff,

v.

DR. NWEKE, C.C.C.F., Medical,
DR. FALLHOUSE, C.C.C.F., Medical, and
DR. KENNETH DANYLCHUCK,

    Defendants.

## ORDER

    This matter is before the court on review of the file and Defendant Kenneth Danylchuk, M.D.'s pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 186, filed May 20, 2009).

    A motion asserting the defense of failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). This requires the assertion of an affirmative defense within the time frame required for answering, either in the answer or by separate motion, or the defense may be waived or brought in another manner contemplated by Fed. R. Civ. P. 12(h) (stating that failure to state a claim may be brought in a pleading, which is defined in Rule 7(a), by motion for judgment on the pleadings,

or at trial). *Echostar Satellite, LLC v. Persian Broadcasting Co., Inc.*, 2006 WL 446087, at *2 (D. Colo. Feb. 22, 2006).

Strict interpretation of the timing provision of Rule 12(b) could lead to the conclusion that the court should deny as untimely any motion made after a responsive pleading. However, courts have allowed such motions if the defense has been previously included in the Answer. *Rodgers v. D.F. Freeman Contractors, Inc.*, 1989 WL 134280, at *1 (D. Kan. Oct. 31, 1989) (citing 5B WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1357). More importantly, the language of Rule 12(b) must be read in conjunction with the language of Rule 12(h)(2), which preserves Rule 12(b)(6) motions from waiver and permits such motions to be made at any time up to and including trial. (*Id.*) (citing *Miller v. Cudahy Co.*, 656 F. Supp. 316, 322–23 (D. Kan. 1987), aff'd in part, rev'd in part, 858 F.2d 1449 (10th Cir. 1988)). This liberal language of Rule 12(h) allows Rule 12(b)(6) motions to "be considered by the court even when interposed after the responsive pleading has been filed." *Id.* (citing WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1361). Rule 12(h)(2) permits the court to consider a defense of failure to state a claim upon which relief can be granted within a Rule 12(c) motion for judgment on the pleadings, and, therefore, the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c). *Crawford v. Plumm*, 2003 WL 22849183, at*1 (D. Kan. Nov. 24, 2003).

Defendant Danylchuk filed his Answer to the Amended Complaint on November 20, 2007. (Doc. No. 72) Defendant Danylchuk did preserve the defense of failure to state a claim upon which relief can be granted. (*Id.* at 4.) In addition, Dr. Danylchuk filed a "Supplement to

Motion to Dismiss" on July 31, 2009 (Doc. No. 192), stating he erroneously designated his motion to dismiss as one under Rule 12(b)(6) and requesting that the court treat his motion as one brought under Rule 12(c).

Accordingly, the court will treat Defendant Danylchuk's motion to dismiss as one filed under Rule 12(c).

Dated this 17th day of August, 2009.

                                           **BY THE COURT:**

                                           Kathleen M. Tafoya
                                           United States Magistrate Judge