IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02414-LTB-KMT

ORLANDO CORTEZ CLARK,

      Plaintiff,

v.

DR. NWEKE, C.C.C.F., Medical,
DR. FALLHOUSE, C.C.C.F., Medical,
DR. KENNETH DANYLCHUCK,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This case involves claims that Defendants violated Plaintiff's Eighth Amendment rights. This matter is before the court on "Defendant Kenneth Danylchuk, M.D.'s Motion to Dismiss" (Doc. No. 186) filed May 20, 2009.  Jurisdiction is asserted under 42 U.S.C. § 1983 (2007).

### STATEMENT OF THE CASE

      The following facts are taken from Plaintiff's Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation.  Plaintiff is incarcerated in the Sterling Correctional Facility ("SCF").  (Am. Prisoner Compl. [hereinafter "Compl."] [filed October 1, 2007].)  Plaintiff originally named ten defendants.  (*Id.*)  On October 29, 2008, Judge Lewis T. Babcock granted summary judgment in favor of all defendants except Dr. Nweke, Dr.

Fallhouse, who had not yet answered or otherwise responded to the Complaint, and Dr.

Danylchuk, who had not filed a dispositive motion.  (Doc. No. 133.)

Plaintiff asserts that Defendants have violated his Eighth Amendment right to be free

from cruel and unusual punishment by being deliberately indifferent to his serious medical

needs.  (*Id.* at 6.)  Plaintiff asserts three claims for relief.  In Claim One, beginning in April 2001,

he advised the CCCF medical staff of lower back pain and cramping sensation in his legs.  (*Id.* at

8.)  Plaintiff states in November 2001 the CCCF medical staff advised him that he had a pinched

nerve in his lower back and that surgery would be necessary to alleviate the pain.  (*Id.*)  Plaintiff

asserts in April 2002 he was transferred to AVCF where his "suffering continued and his

symptoms progressively worsened."  (*Id.*)  Plaintiff states he had "an objectively serious medical

need in the form of adequate pain medication" to treat his back pain and to receive corrective

surgery in a timely manner.  (*Id.* at 9.)  Plaintiff alleges Dr. Danylchuk, acting in his individual

capacity "or under the influence/advise of the administrative heads of CDOC" failed to provide

surgery in a timely manner.  (*Id.* at 15.)  Plaintiff states he was seen by Dr. Danylchuk on

January 9, 2003, for evaluation "regarding surgery" and that Dr. Danylchuk "determined that

surgery would in fact be necessary" and "require fusion of the spine."  (*Id.*)  Apparently Dr.

Danylchuk did perform surgery on May 7, 2003.  (*Id.*)  Plaintiff states that either "the delay in

providing surgery in a timely manner, and or the methods used by Dr. Danylchuk during the

May 7, 2003 surgery are the proximate cause and or contributed to the injuries now suffered."

(*Id.*)

In Claim Two, Plaintiff asserts allegations against the "CDOC and its medical care providers" only. (*Id.* at 17–20.) Plaintiff alleges the CDOC failed to provide post-operative care, effective pain medication, orthopedic shoes, ted hose, an ankle foot brace, and medical pillows. (*Id.* at 17.) In addition, Plaintiff asserts the CDOC failed to address and treat his paresthesia, "foot drop," or chronic pain. (*Id.* at 19–20.) Specifically regarding Dr. Danylchuk, Plaintiff's only reference is to state that his "medical records show that as a result of the failed surgery that . . . Dr. Danylchuk[] prescribed," Plaintiff was to wear an ankle foot brace. (*Id.* at 17.)

In Claim Three, Plaintiff alleges Defendants are "deliberately indifferent to Plaintiff's medical needs and in a retalitory [sic] manner." (*Id.* at 21.) This claim specifically addresses the administrative grievance procedure administered by the CDOC and is not directed at Dr. Danylchuk. (*Id.* at 21–26.) Plaintiff seeks compensatory and punitive damages and release from incarceration. (*Id.* at 28.)

Defendant Danylchuk moves for dismissal on the basis that Plaintiff has failed to state a claim for deliberate indifference to Plaintiff's serious medical needs, which is required under the Eighth Amendment. (Def. Kenneth Danylcuk, M.D.'s Mot. to Dismiss [hereinafter "Mot."] [filed May 20, 2009].)

## PROCEDURAL HISTORY

Plaintiff's Amended Prisoner Complaint was filed on October 1, 2007. (Compl.) Defendant Danylchuk filed his Answer on November 20, 2007 (Doc. No. ) and this court granted his motion to file an amended Answer on August 4, 2008 (Doc. Nos. 109, 110, 113). Defendant

filed his Motion to Dismiss on May 20, 2009.  (Mot.)  On August 17, 2009, this court entered an

order stating Defendant's motion would be treated as one filed under Fed. R. Civ. P. 12(c).  (*See*

Doc. No. 199.)  Plaintiff has not filed a response to the motion to dismiss.  The motion is ripe for

review and recommendation.

## STANDARD OF REVIEW

*1.*      **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to

application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## 2.   *Judgment on the Pleadings*

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual

allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### 1.   *Eighth Amendment Deliberate Indifference Claim*

Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted).  A claim based on "an inadvertent failure to provide adequate medical care" or alleging "that a physician has been negligent in diagnosing or treating a medical condition" does not state a valid claim of medical

mistreatment under the Eighth Amendment. *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (overruled on other grounds) (citations omitted). "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106).

To demonstrate an Eighth Amendment violation, an inmate must satisfy both objective and subjective elements. The objective component is met if the deprivation is "sufficiently serious" — one that "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). A prison medical professional who "knows that his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition" may be held liable under the deliberate indifference standard if that person delays or refuses to fulfill that gatekeeper role. *Id.* at 1211. "Deliberate indifference" does not require a showing of express intent to harm. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). Rather, it is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Id.* To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 833 (1970). "[T]he official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff claims Defendant Dr. Danylchuk failed to provide his surgery in a timely manner. (Compl. at 15.) Plaintiff states he was seen by Dr. Danylchuk on January 9, 2003, when Dr. Danylchuk determined Plaintiff needed spine fusion surgery. (*Id.*) Dr. Danylchuk performed surgery on May 7, 2003. (*Id.*) Plaintiff concludes that either "the delay in providing surgery in a timely manner, and or the methods used by Dr. Danylchuk during the May 7, 2003 surgery are the proximate cause and or contributed to the injuries now suffered" without specific factual evidence to support his conclusion. (*Id.*) Plaintiff has failed to allege any facts showing that he had a need for "immediate surgery" that was "so obvious that even a lay person would easily recognize" it. *Sealock*, 218 F.3d at 1209. Therefore, Plaintiff has failed to sufficiently allege that he had an objectively serious medical need for "immediate surgery" prior to May 2003. In addition, Plaintiff has failed to make any allegations that Defendant had "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Plaintiff's allegations against Dr. Danylchuk are entirely conclusory. Even construed in the light most favorable to Plaintiff, *see Hall*, 935 F.2d at 1198, Plaintiff's complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949.

Moreover, to the extent Plaintiff alleges Defendant Danylchuk was negligent in performing his back surgery, his allegation fails to state an Eighth Amendment claim. "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kansas Dept. of Corrs.*, 165 F.3d

803, 811 (10th Cir. 1999).  Allegations of negligence are not cognizable in a § 1983 claim.

*Daniels v. Williams*, 474 U.S. 327, 328 (1986).  Deliberate indifference requires a higher degree

of fault than negligence or even gross negligence.  *Berry v. City of Muskogee*, 900 F.2d 1489,

1495–96 (10th Cir. 1990).

　　　WHEREFORE, for the foregoing reasons, the court respectfully

　　　RECOMMENDS that "Defendant Kenneth Danylchuk, M.D.'s Motion to Dismiss" (Doc.

No. 186) be GRANTED, and that Plaintiff's claims against Dr. Danylchuk be dismissed in their

entirety, with prejudice.

### ADVISEMENT TO THE PARTIES

　　　Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of August, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge