IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04–cv–02414–LTB–KMT

ORLANDO CORTEZ CLARK,

    Plaintiff,

v.

DR. NWEKE, C.C.C.F., Medical, and
DR. FALLHOUSE, C.C.C.F., Medical,
    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's Eighth Amendment rights. This matter is before the court on "Defendants Grace Nweke, M.D. and Cynthia Fallhowe, M.D.'s Motion to Dismiss" (Doc. No. 227) filed November 20, 2009. Jurisdiction is asserted under 42 U.S.C. § 1983 (2007).

### STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated in the Sterling Correctional Facility ("SCF"). (Am. Prisoner Compl. [hereinafter "Compl."] [filed October 1, 2007].) Plaintiff originally named ten defendants. (*Id.*) On October 29, 2008, Judge Lewis T. Babcock granted summary judgment in favor of all defendants except Dr. Nweke, Dr.

Fallhowe[1], who had not yet answered or otherwise responded to the Complaint, and Dr. Danylchuk, who had not filed a dispositive motion. (Doc. No. 133.) On September 16, 2009, Judge Babcock granted Defendant Danylchuk's motion to dismiss. (Doc. No. 211.)

Plaintiff asserts that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs. (*Id.* at 6.) Plaintiff asserts three claims for relief. In Claim One, beginning in April 2001, he advised the CCCF medical staff of lower back pain and cramping sensation in his legs. (*Id.* at 8.) Plaintiff states in November 2001 the CCCF medical staff advised him that he had a pinched nerve in his lower back and that surgery would be necessary to alleviate the pain. (*Id.*) Plaintiff asserts in April 2002 he was transferred to AVCF where his "suffering continued and his symptoms progressively worsened." (*Id.*) Plaintiff states he had "an objectively serious medical need in the form of adequate pain medication" to treat his back pain and to receive corrective surgery in a timely manner. (*Id.* at 9.)

As to Dr. Nweke, Plaintiff alleges she was deliberately indifferent to this Plaintiff's serious medical needs, resulting in undue suffering and permanent injury." (*Id.*) Plaintiff alleges Dr. Nweke failed to provide adequate medical care in treating his lower back and leg pain. (*Id.*) Plaintiff claims Dr. Nweke failed to order or prescribe adequate pain medication or to recommend surgery for his condition. (*Id.* at 10.) Plaintiff claims Dr. Nweke's actions are the

---

[1] Plaintiff misspells Defendant Fallhowe's name as "Fallhouse." The court will refer to this defendant with the correct spelling of "Fallhowe."

cause of his "needless pain and suffering and or to the permanent injuries now suffered due to the outrageously delayed surgery." (*Id.*)

As to Dr. Fallhowe, Plaintiff claims she failed to provide adequate medical care in treating his pain and suffering regarding pain in his lower back and legs. (*Id.* at 11.) Plaintiff states that Dr. Nweke and Fallhowe "jointly participated in examining the Plaintiff" and "incorporates by reference the facts, chronological data and information" alleged against Dr. Nweke. (*Id.*) Plaintiff claims Dr. Fallhowe's actions are the cause of his pain and suffering the permanent injuries he now suffers. (*Id.*)

In Claim Two, Plaintiff asserts allegations against the "CDOC and its medical care providers" at Arkansas Valley Correctional Facility ("AVCF") only. (*Id.* at 17–20.) Plaintiff's allegations in Claim Two are not directed at Defendants Nweke and Fallhowe.

In Claim Three, Plaintiff alleges Defendants are "deliberately indifferent to Plaintiff's medical needs and in a retalitory [sic] manner." (*Id.* at 21.) This claim specifically addresses the administrative grievance procedure administered by the CDOC and is not directed at Defendants Nweke and Fallhowe. (*Id.* at 21–26.) Plaintiff seeks compensatory and punitive damages and release from incarceration. (*Id.* at 28.)

Defendants Nweke and Fallhowe move for dismissal on the bases that (1) Plaintiff's claims are barred by the statute of limitations; and (2) Plaintiff has failed to state a claim for deliberate indifference to Plaintiff's serious medical needs, which is required under the Eighth Amendment. (Defs.' Grace Nweke, M.D. and Cynthia Fallhowe, M.D.'s Mot. to Dismiss [hereinafter "Mot."] [filed November 20, 2009].)

3

## PROCEDURAL HISTORY

Plaintiff's Amended Prisoner Complaint was filed on October 1, 2007. (Compl.) Defendants Nweke and Fallhowe filed their Motion to Dismiss on November 20, 2009. (Mot.) Plaintiff filed his response on December 4, 2009. (Reply to Def.'s Mot. to Dismiss [hereinafter "Resp."].) Defendants filed their reply on December 18, 2009. (Defs.' Grace Nweke, M.D. and Cynthia Fallhowe, M.D.'s Reply in Supp. of Mot. to Dismiss [hereinafter "Reply"].) The motion is ripe for review and recommendation.

## STANDARD OF REVIEW

### 1.   **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.     Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2008). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

*3.     Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### ANALYSIS

*1.     Statute of Limitations*

Defendants assert Plaintiff's allegations against them in Claim One are barred by the statute of limitations.  (Mot. to Dismiss at 5–7.)  Title 42 U.S.C. § 1983 contains no statute of limitations.  Although state law governs the length of the statute of limitations, the characterization of the claim for the purpose of determining the applicable statute of limitations is a federal question.  *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985).  "[A] simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose" and these claims are best characterized as personal injury actions.  *Id.* at 272, 280.  Where a state has multiple statutes of limitations for personal injury actions, the residual or general personal injury statute of limitations applies.  *Owens v. Okure*, 488 U.S. 235, 236 (1989).  The relevant statute of limitations in Colorado is provided in Colo. Rev. Stat. § 13–80–102.  "All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" as well as "[a]ll other actions of every kind for which no other period of limitation is provided"

must be commenced within two years after the cause of action accrues, if at all. Colo. Rev. Stat. § 13-80-102(1)(g),(I). The determination of when a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 127 S. Ct. 1091, 1095, *rehearing denied*, 127 S. Ct. 2090 (2007). For the purpose of the statute of limitations, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

In Claim One, Plaintiff alleges he was seen by Defendants a number of times between April 2001 and March 2002 at Crowley County Correctional Facility ("CCCF"). (Compl. at 9–10.) In April 2002, Plaintiff was transferred to AVCF. (*Id.* at 8.) Defendants argue that Plaintiff learned of his alleged injury, the denial of pain medication, each of the thirteen times he alleges he was seen or treated by Drs. Nweke or Fallhowe between April 5, 2001, and March 26, 2002, when he was not prescribed the medication he claims he needed. (Mot. at 6.) Defendants contend that the very latest Plaintiff could have been aware of his alleged injury is July 22, 2002, the date he claims he finally received effective pain medication. (*Id.*) Therefore, Defendants argue, Plaintiff's statute of limitations expired, at the very latest, on July 22, 2004. (*Id.*) The Plaintiff did not file his original complaint in this case until November 22, 2004. (*See* Doc. No. 3.)

Plaintiff, in his response, states he was not aware of his injury until he received surgery in May 2003. (Resp., ¶ 2.) The allegations in Plaintiff's Amended Complaint belie this contention, as Plaintiff asserts in his Amended Complaint that he was suffering from lack of effective pain medication while he was treated by Drs. Nweke and Fallhowe at CCCF from April 2001 through

March 2002 and that during that time "he continued to seek help from C.C.C.F. medical only to be prescribed psychotropic medication . . . ." (Compl. at 8–11.) Additionally, Plaintiff's Amended Complaint alleges he was informed and aware in November 2001 "that lower back surgery would be necessary in order to alleviate the pain." (*Id.* at 8.) He also alleges he had a history of degenerative disc disease since at least 1996, and that during his incarceration at CCCF "it was clear that Plaintiff had an objectively serious medical need . . . to receive corrective surgery in a timely manner as to be relieved of pain and to avoid permanent injury." *Id.* at 10. Thus, Plaintiff has admitted he was aware in November 2001 that surgery was necessary and that he had not received or been prescribed the surgery as of March 26, 2002, his alleged last date of treatment by Drs. Nweke and Dr. Fallhowe. (*Id.* at 10, 11.) Accordingly, Plaintiff's cause of action against Drs. Nweke and Fallhowe for allegedly deliberately delaying necessary surgery accrued no later than March 26, 2002.

Plaintiff also argues he could not have known about the permanency of his injury until after the surgery, and, therefore, the claim should not have accrued until that time. (Resp., ¶ 2.) However, once a plaintiff has suspicion of wrongdoing, he is under a duty to attempt to find the facts. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 887 (10th Cir. 2005). It was not necessary for Plaintiff to know the full extent of his alleged injuries and damages before his cause of action accrued. Uncertainty as to the full extent of the damage does not stop the accrual of a cause of action. *Id.* at 887–88. By November 2001, Plaintiff knew that he needed lower back surgery to alleviate his pain. (Compl. at 8.) Further, Plaintiff states he knew during his incarceration at CCCF that he needed timely surgery to "avoid permanent injury." (*Id.* at 10.)

9

Therefore, even accepting Plaintiff's allegations as true, Plaintiff did not file his original Complaint until November 22, 2004, nearly eight months after the two-year statute of limitations for the deliberate indifference claim had already expired.

Plaintiff also argues that the statute of limitations should not apply because "both Defendant's [sic] were knowingly practicing medicine in a [sic] unlicensed clinic." (Resp., ¶ 1.) Plaintiff fails to cite case law or any legal authority for this proposition, and this argument is irrelevant to when the Plaintiff's cause of action accrued.

Accordingly, Plaintiff's Claim One asserted against Defendants Nweke and Fallhowe is barred by the statute of limitations and is properly dismissed with prejudice.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants Grace Nweke, M.D. and Cynthia Fallhowe, M.D.'s Motion to Dismiss" (Doc. No. 227) be GRANTED, and that Plaintiff's case be dismissed in its entirety, with prejudice.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).

*But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of January, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge